IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE PEREZ,<br>on behalf of herself and a class,<br><br>Plaintiff,<br><br>v.<br><br>Z. FRANK, L.L.C. d/b/a<br>Z FRANK CHEVROLET; and<br>WELLS FARGO FINANCIAL<br>ACCEPTANCE, LLC f/k/a<br>WELLS FARGO FINANCIAL<br>ACCEPTANCE, INC.,<br><br>Defendants. | No. 06 C 0045<br><br>Chief Judge Holderman<br>Magistrate Judge Keys<br><br>Related to: No. 06 C 1949 |

## ACCOUNTING OF CLASS FUND

Defendant Wells Fargo Financial Acceptance, LLC f/k/a Wells Fargo Financial Acceptance, Inc. ("Wells Fargo"), by and through its counsel, and in accordance with the Class Action Settlement Agreement ("Agreement") in the related cases, *Perez v. Z. Frank, L.L.C., et al.*, No. 06 C 0045, and *Holt v. Jerry Biggers Chevrolet, Inc., et al.*, No. 06 C 1949, and this Court's August 5, 2008 Order, submits the following accounting of the Class Fund.

1. Pursuant to the Agreement, Wells Fargo Financial Acceptance, LLC created a class fund in the amount of $438,200, and deposited that sum with Wells Fargo Bank, N.A.

2. In accordance with the Agreement, and in compliance with this Court's order, Wells Fargo paid, from the class fund, $1,000 each to Plaintiffs Stephanie Perez and Catherine Holt, and $109,550 to Class Counsel. Wells Fargo Financial Acceptance, LLC reserved $18,500 to reimburse costs for class notice and distribution of the class fund, as set forth in the Agreement.

3.  On June 8, 2007, Wells Fargo issued and mailed 7,555 settlement checks -- one to each participating class member as defined in Paragraph 11 of the Agreement -- in the amount of $40.78 (a *pro rata* share of the balance of the class fund).[1]

4.  On March 17, 2008, Wells Fargo, at Class Counsel's request, reissued settlement checks to three class members, who contacted Class Counsel or Wells Fargo, claiming that they had not received a settlement check, and who Wells Fargo confirmed had not cashed a settlement check.

5.  Following the distribution of the settlement checks, Wells Fargo discovered that a small, but undetermined, number of class members, upon receipt of the settlement checks, telephoned Wells Fargo affiliated entities who were not aware of the settlement.[2] As a result, at least one class member, believing the settlement check was "fake," discarded the settlement check. Although the class notice instructed class members to direct all inquiries with respect to the settlement to Class Counsel, because of the possibility of misinformation resulting from the above-referenced telephone calls to Wells Fargo affiliated entities that were unaware of the settlement, Wells Fargo agreed to reissue and re-mail settlement checks (in the amount of $40.78) to those participating class members who did not cash their settlement checks. See August 5, 2008 Order. A total of 2,734 participating class members did not cash the previously-issued settlement checks.

6.  In advance of the reissuing settlement checks, Wells Fargo arranged for the claims administrator, Rust Consulting, Inc., to update the addresses of participating class members who had not cashed their checks through the National Change of Address database, in order obtain any address changes filed with the United States Postal Service. Rust Consulting, Inc. provided Wells Fargo with the updated address data on August 28, 2008.

---

[1] An amount of $57.10 was left in the Class Fund after the *pro rata* disbursement. This amount is added to and included in the *cy pres* award discussed below in Paragraph 9.

[2] Although Wells Fargo instructed its auto-finance service personnel about the Agreement and settlement checks, apparently some check recipients found their way to other Wells Fargo affiliated entities and personnel who were not thought, reasonably, to be ones getting such calls.

2

7. On August 29, 2008, Wells Fargo reissued and mailed 2,734 settlement checks -- one to each participating class member who had not cashed the prior settlement check -- in the amount of $40.78. The reissued settlement checks state "void after 60 days."

8. There are total of 1,747 reissued settlement checks that were not cashed, as of November 4, 2008. The portion of the Class Fund for these uncashed checks totals $71,242.66.

9. In accordance with paragraph 14 of the Agreement, the sum of $71,299.76 ($71,242.66 plus $57.10 remaining from the initial *pro rata* disbursement) will be donated in the form of a *cy pres* award to Habitat for Humanity, 121 Habitat St., Americus, GA. On November 4, 2008, Wells Fargo voided the outstanding checks. On November 5, 2008, Wells Fargo requested the preparation of a check in the amount of $71,299.76 payable to Habitat for Humanity. The check will be printed and mailed within three (3) business days.

10. A copy of the Affidavit of Patricia L. Adams is attached hereto as Exhibit 1.

Dated: November 5, 2008　　　　　　　　**WELLS FARGO FINANCIAL ACCEPTANCE, LLC**, Defendant

　　　　　　　　　　　　　　　　　　s/ Joshua D. Davidson
　　　　　　　　　　　　　　　　　　One of Its Attorneys

Craig A. Varga
Joshua D. Davidson
VARGA BERGER LEDSKY HAYES & CASEY
224 South Michigan Avenue
Suite 350
Chicago, Illinois 60604
(312) 341-9400

3

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE PEREZ,<br>on behalf of herself and a class,<br><br>Plaintiff,<br><br>v.<br><br>Z. FRANK, L.L.C. d/b/a<br>Z FRANK CHEVROLET; and<br>WELLS FARGO FINANCIAL<br>ACCEPTANCE, LLC f/k/a<br>WELLS FARGO FINANCIAL<br>ACCEPTANCE, INC.,<br><br>Defendants. | No. 06 C 0045<br><br>Chief Judge Holderman<br>Magistrate Judge Keys<br><br>Related to: No. 06 C 1949 |

## AFFIDAVIT OF PATRICIA L. ADAMS

I, Patricia L. Adams, being first duly sworn upon my oath, and under penalties of perjury, depose and state as follows:

1. I am an adult of sound mind and can testify to the matters set forth in this affidavit at trial or hearing, based upon personal knowledge.

2. I am Assistant Vice-President of Corporate Trust Services with Wells Fargo Bank, N.A., who administered the disbursement of the Class Fund on behalf of Wells Fargo Financial Acceptance, LLC, in conjunction with the court-approved Class Action Settlement Agreement ("Agreement") in the related cases, *Perez v. Z. Frank, L.L.C., et al.*, No. 06 C 0045, and *Holt v. Jerry Biggers Chevrolet, Inc., et al.*, No. 06 C 1949. I am authorized to make this affidavit on behalf of Wells Fargo Financial Acceptance, LLC.

3. On June 5, 2007, Wells Fargo Financial Acceptance, LLC deposited $438,200 with Wells Fargo Bank, N.A.

4. Wells Fargo issued checks in the amount of $1,000 each to Plaintiffs Stephanie Perez and Catherine Holt, and $109,550 to Class Counsel.

5. On June 8, 2007, Wells Fargo issued and mailed 7,555 settlement checks in the amount of $40.78, leaving a balance of $18,557.10. Per Wells Fargo Financial Acceptance, LLC instructions, $18,500 has been reserved for costs incurred in conjunction with the administration and disbursement of the settlement funds, leaving a total of $57.10).

6. Of the 7,555 checks issued, 2,734 checks were not cashed.

6. On or about August 28, 2008, Wells Fargo received an updated address file from Rust Consulting, Inc.

7. August 29, 2008, Wells Fargo reissued and mailed 2,734 checks in the amount of $40.78.

8. Of these 2,734 reissued checks, there are total of 1,747 checks that were not cashed, as of November 4, 2008. The designated funds for these 1,747 uncashed checks is $71,242.66.

9. On November 4, 2008, Wells Fargo voided the outstanding checks. On November 5, 2008, Wells Fargo requested the preparation of a check in the amount of $71,299.76 ($71,242.66 plus $57.10) payable to Habitat for Humanity. The check will be printed and mailed within three (3) business days.

Further Affiant Sayeth Not.

Subscribed and sworn to
Before me this 5th day of
November, 2008.

_____
Notary Public

KIM NGAN THUY NGUYEN
Notary Public
Minnesota
My Comm. Expires Jan 31, 2008

2

**CERTIFICATE OF SERVICE**

Joshua D. Davidson, an attorney, hereby certifies that a true and correct copy of the foregoing **Accounting of Class Fund** was served electronically upon:

**Cathleen M. Combs**
ccombs@edcombs.com

**Daniel A. Edelman**
courtecl@aol.com  dedelman@edcombs.com

**James O. Latturner**
jlatturner@edcombs.com

**Michelle R. Teggelaar**
mteggelaar@edcombs.com

**Megan Mae Mathias**
mmathias@hardtstern.com

**Gary Edward Wilcox**
gwilcox@hardtstern.com

**Stephen R. Johnson**
sjohnson@lglfirm.com

**Richard M. Tomich**
rtomich@lglfirm.com

by filing of said document through the Court's electronic filing system this 5th day of November, 2008.

s/ Joshua D. Davidson